IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JOHNNY BELLAMY, JR.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. 12-cv-889-JKB |
| **EYEMASTERS, INC., d/b/a VISIONWORKS,** | * | |
|  | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Johnny Bellamy, Jr. ("Plaintiff") brought this suit against Eyemasters, Inc., d/b/a Visionworks ("Defendant"), alleging employment discrimination on the bases of race and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq*. Now pending before the Court is Defendant's Motion to Dismiss (ECF No. 8). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, the motion will be GRANTED.

    **I.**    **BACKGROUND**

Plaintiff, an African-American man over the age of 40, was employed by Defendant, a retailer of eyewear and other optical goods, from February 2009 to August 3, 2010. (Supplement to Compl. at 3-4, ECF No. 4.) Plaintiff alleges that Defendant subjected him to discipline and ultimately terminated his employment because of his race and age. (Pl. Br. at 1-4, ECF No. 10.)

1

On December 22, 2010, Plaintiff dual-filed a charge of discrimination with the Maryland Commission on Human Relations and the U.S. Equal Employment Opportunity Commission ("EEOC")—the agencies operate under a work sharing agreement to avoid duplicative investigations—alleging that Defendant discriminated against him because of his race "with respect to terms and conditions of employment, discipline and discharge." (Supplement to Compl. at 3-4.) On December 29, 2011, the EEOC dismissed the discrimination charge and issued Plaintiff a letter informing him of his right to file a lawsuit. *Id.* On March 22, 2012, Plaintiff filed this suit alleging employment discrimination on the bases of race and age. (Compl. at 1, ECF No. 1.) Defendant now moves to dismiss on the bases that (1) the complaint fails to state a claim on which relief can be granted; and (2) the Court lacks subject matter jurisdiction over the age discrimination claim because defendant failed to exhaust his administrative remedies.

## II.     LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atl. v. Twombly*, 550 U.S. 544, 556-57 (2007).  In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  If after viewing the complaint in this light the court cannot infer more than "the mere possibility of

misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 556 U.S. at 679.

A plaintiff filing *pro se* is held to a "less stringent standard[]" than is a lawyer, and the court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *accord Brown v. N.C. Dept. of Corrections,* 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). However, even a *pro se* complaint must meet a minimum threshold of plausibility. *See, e.g., O'Neil v. Ponzi,* 394 Fed. App'x. 795, 796 (2d Cir. 2010).

### III.    ANALYSIS[1]

Title VII makes it unlawful for an employer to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment" on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It also forbids employers from retaliating against an employee who has openly opposed such discrimination, or any other employment practice that the statute makes unlawful. 42 U.S.C. § 2000e-3(a). The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

A *prima facie* case of employment discrimination consists of either direct evidence of discriminatory intent, or circumstantial evidence consisting of: (1) membership in a protected

---

[1] The Court arguably should address its subject matter jurisdiction over Plaintiff's age discrimination claim before addressing the sufficiency of Plaintiff's allegations. However, determining whether the age discrimination allegation relates back to Plaintiff's administrative exhaustion of his race discrimination claim is a fact-specific inquiry. *See Chacko v. Patuxent Inst.*, 429 F.3d 505 (4th Cir. 2005) (explaining that the scope of litigation is limited to discrimination claims "reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint"). In light of the posture of this case, and in the interest of preserving scarce judicial resources, it is more efficient for the Court to resolve Defendant's motion as to both claims under Rule 12(b)(6).

class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *See White v. BFI Waste Servs.*, 375 F.3d 288, 295 (4th Cir. 2004). Although Plaintiff is not required to plead "specific facts establishing a *prima facie* case of discrimination," he retains the burden of alleging facts to support each element of his claims. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)); *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) ("While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." (emphasis in original)). Plaintiff has not met that burden.

Plaintiff's conclusory allegations that he was treated differently than his similarly situated co-workers—on the bases of both race and age—are insufficient because he offers no facts to support them. Plaintiff's sole allegation of disparate treatment in the complaint is that he "was treated on unequal terms than the non-African Americans having [the] same job description and position requirements." (Compl. at 2.) The EEOC documents that Plaintiff filed to supplement the complaint contain a similar allegation of disparate treatment: "I was responsible for additional tasks and duties which resulted in disciplinary actions for working longer hours. I am aware of at least one employee, Mr. Jorge Rivera (Mexican), Third Key, who was treated more favorably." (Supplement to Compl. at 3.) Plaintiff alleges in his brief that he "was treated on unequal terms, as opposed to Ashleigh Evans (Third Key Manager)," and "was treated on unequal terms as opposed to Jorge Rivera (Mexican, Third Key Manager) and Robert Benesch (Caucasian, Third Key Manager)," as evidenced by his supervisor "targeting [him] with associate

performance notices and curving [his] annual performance appraisal." (Pl. Br. at 1.)[2] Finally, Plaintiff alleges that he was targeted because of his age by the members of the management team, all of whom "were 18 to 22 years younger than" him. (*Id.* at 3.) These allegations are insufficient because they do not create a plausible inference that the other employees identified by Plaintiff were similarly situated to him or describe how Defendant treated these employees differently than him. *See Coleman*, 626 F.3d at 190-91; *Harman v. Unisys Corp.*, 356 Fed. App'x. 638, 640-41 (4th Cir. 2009) ("Such conclusory allegations [of disparate treatment] are insufficient to defeat a motion to dismiss."). Therefore, Plaintiff has failed to state a claim on which relief can be granted.

## IV.   CONCLUSION

Accordingly, an order shall issue GRANTING Defendant's Motion to Dismiss (ECF No. 8) and DISMISSING Plaintiff's claims without prejudice.

Dated this  12th  day of September, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[2] The Court assumes without deciding that, for the purposes of resolving this motion, it may appropriately consider allegations made for the first time in Plaintiff's brief.